```
1  ISMAIL J. RAMSEY (CABN 189820)
   United States Attorney
2  MICHELLE LO (NYBN 4325163)
   Chief, Civil Division
3  ANDREW MAINARDI (NYBN 5431697)
4  Assistant United States Attorney

5      1301 Clay Street, Suite 340S
       Oakland, CA 94612
6      Telephone: (510) 788-3509
       Facsimile: (510) 637-3724
7      E-mail: andrew.mainardi@usdoj.gov
8
   Attorneys for Defendants
9
   MARK L. JAVITCH (CABN 323729)
10 JAVITCH LAW OFFICE
   3 EAST 3RD AVE. STE. 200
11 SAN MATEO CA 94401
12
   Attorney for Plaintiff
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JEWISH LEGAL NEWS, INC, | ) CASE NO. 4:23-cv-06241-LJC |
| Plaintiff, | ) |
| v. | ) **JOINT INITIAL CASE MANAGEMENT STATEMENT;ORDER** |
| U.S. CUSTOMS AND BORDER PROTECTION AND U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, | ) **Current Case Management Conference:** <br> ) **Date/Time: Tuesday, March 5, 2024 at 2:00 p.m.** <br> ) **Judge: Hon. Lisa J Cisneros** <br> ) **Location: via Zoom webinar** |
| Defendants. | ) |

The parties to the above-captioned action jointly submit this INITIAL CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9:

**1. Jurisdiction and Service**

There are no issues regarding personal jurisdiction, venue, or service. Plaintiff brings this action

JOINT INITIAL CASE MANAGEMENT STATEMENT; ORDER
4:23-cv-06241-LJC                                   1

under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. All parties have been served.

**2. Facts**

This case pertains to a FOIA request submitted by Jewish Legal News Inc., to United States Immigrations and Customs Enforcement ("ICE") – a component of the United States Department of Homeland Security ("DHS") – on October 23, 2023. *See* Plaintiff's Complaint, Dkt. No. 1 ¶ 33. The request sought law enforcement and intelligence information regarding potential movement by Hezbollah and Hamas fighters across the southern border of the United States. *Id.* ICE acknowledged receipt of Plaintiff's FOIA request on October 26, 2023. *Id.* ¶ 37.

On October 30, 2023, Plaintiff agreed to narrow the FOIA request to (1) incident reports regarding Hezbollah and Hamas affiliates crossing the southern U.S. border; (2) inter-agency communications regarding threat assessments of the Hezbollah and Hamas; (3) risk assessments of Hezbollah and Hamas using the southern border to enter the United States; (4) documents made available to the public to promote awareness and vigilance, and; (5) data regarding the number of reports of Hezbollah or Hamas crossings across the southern border. *Id.* ¶ 39. On October 31, 2023, ICE sent Plaintiff a letter stating that the information requested is under the purview of CBP and referring the request to CBP. *See* Exhibit D, Dkt. 11. Plaintiff's FOIA request was prompted by news articles in October 2023 that reported on a CBP memo regarding the potential for Hezbollah and Hamas to enter the United States via the southern border. *Id.* ¶ 28.

The undersigned counsels conferred regarding the scope of Plaintiff's FOIA request and will negotiate a production schedule once the number of potentially responsive records are identified.

**3. Legal Issues**

Although production is ongoing, the parties believe the Court may be called upon to resolve the following legal issues: (1) whether Defendants have responded adequately to Plaintiff's FOIA request, (2) whether Defendants improperly withheld materials based on claimed FOIA exemptions, *see* 5 U.S.C. §§ 552(b)(1)-(9), and (3) whether and in what amount Plaintiff is entitled to an award of attorneys' fees

and other litigation costs, *see id.* § 552(a)(4)(E)(i).

The parties will attempt to resolve any future legal issues in good faith. The parties may nonetheless call on the Court to resolve these issues should they arise.

**4. Motions**

*Plaintiff*: Plaintiff may seek leave to amend the Complaint if Defendant CBP's response to an additional FOIA request Plaintiff made becomes past due. Subsequent to the CBP warning that is the topic of Plaintiff's request, other U.S. officials made statements appearing to retract the warning. Accordingly, on January 18, 2024, Plaintiff followed up by submitting an additional FOIA request to Defendant CBP concerning those contradictory statements that was assigned the tracking number CBP-FO-2024-046369 ("Plaintiff's second FOIA request"). CBP has yet to respond.

*Parties*: Although production of responsive documents is pending, to the extent that informal discussions between the parties after production do not resolve the entire case, the parties anticipate that this matter can be resolved on cross-motions for summary judgment. At this time, the parties submit that scheduling any such motion is premature. The parties are working in good faith to resolve the claims and issues in this action as they arise. There are no other prior or pending motions.

**5. Amendments to the Pleadings**

Plaintiff reserves its right to seek leave to amend the complaint within 60 days if Defendant CBP has not responded to Plaintiff's second FOIA request (CBP-FO-2024-046369) by then. Defendant reserves its right to object if appropriate. . Other than that, the parties do not currently plan on amending their pleadings..

**6. Evidence Preservation**

Defendants acknowledge their duty to preserve relevant materials in accordance with applicable rules and case law.

**7. Disclosures**

The parties agree and stipulate pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) that initial disclosures are not necessary, as this is a FOIA action for which no such exchange of information is needed.

4:23-cv-06241-LJC
3

**8. Discovery**

To date, no discovery has been taken by any party, and the parties agree that discovery is not appropriate in this case. Defendants note that discovery is generally not appropriate in FOIA actions. *See Lane v. Department of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (discovery is limited in FOIA cases "because the underlying case revolves around the propriety of revealing certain documents"); *Lawyers' Comm. for Civil Rights v. U.S. Dep't of the Treasury*, 534 F. Supp. 2d 1126, 1130 (N.D. Cal. 2008).

**9. Class Actions**

This case is not a class action.

**10. Related Cases**

The parties are unaware of any related cases.

**11. Relief Sought**

Plaintiff seeks declaratory and injunctive relief with respect to the documents responsive to its FOIA request. Plaintiff's prayer for relief asks this Court to (1) Declare that one or both Defendants have violated FOIA in their failure to respond to Plaintiff's FOIA request; (2) Order one or both Defendants to immediately disclose the requested records to Plaintiff and enjoin Defendants from continuing to withhold the requested records; (3) Order one or both Defendants to immediately disclose any responsive records in its possession or control to Plaintiff; (4) award Plaintiff reasonable costs and attorneys' fees; and (5) Grant such other relief as the Court may deem just and proper.

Defendants deny that Plaintiff is entitled to any relief and seeks dismissal and costs.

**12. Settlement and ADR**

The parties believe that settlement conversations are premature at this time. The parties have met and conferred regarding the scope of Plaintiff's FOIA request and will continue to do so as necessary with the goal of informally resolving any disputes that arise between the parties. The parties will confer as to costs and fees when Defendants' production of documents is complete.

**13. Consent to Magistrate for All Purposes**

The parties have consented to a magistrate for all purposes. *See* Dkt. Nos. 7, 12.

JOINT INITIAL CASE MANAGEMENT STATEMENT; ORDER
4:23-cv-06241-LJC                                   4

**14. Other References**

None.

**15. Narrowing of Issues**

The parties met and conferred in an attempt to narrow the issues regarding production in this case and intend to continue to do so.

**16. Expedited Schedule**

The parties agree that this procedure is not applicable.

**17. Scheduling**

The parties are working in good faith to resolve the claims and issues in this action. The parties respectfully submit that full scheduling of this case, including discovery, motion practice and trial, is not feasible at this time as record production is ongoing. To the extent any issues remain after the meet and confer and/or settlement process is exhausted, the parties anticipate that this matter can ultimately be resolved on summary judgment. The parties will negotiate a document production schedule and will apprise the Court of the status of document production in the next, updated Joint Case Management Statement.

**18. Trial**

The parties anticipate that this entire case will be resolved through the meet and confer process or on summary judgment.

**19. Disclosure of Non-Party Interested Entities or Persons**

Plaintiff does not have any non-party interested entities or persons to disclose.

Defendants are exempt from this requirement as federal government entities.

**20. Professional Conduct**

Both parties' counsels have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20. Such Other Matters As May Facilitate Just, Speedy and Inexpensive Resolution**

As the Parties are in agreement on all material terms of this Initial Joint Case Management Statement, THE PARTIES HEREBY STIPULATE AND REQUEST, pursuant to Civil Local Rule 6-

1(b), that the Initial Case Management Conference, currently scheduled for March 5, 2024 be continued to August 13, 2024, or to a day and time that is suitable to the Court.

| | |
|---|---|
| DATED: February 29, 2024 | Respectfully submitted, |
| /s/ Mark L. Javitch[1] <br> Mark L. Javitch | ISMAIL J. RAMSEY <br> United States Attorney |
| Attorney for Plaintiff | /s/ Andrew Mainardi <br> ANDREW MAINARDI <br> Assistant United States Attorney |
| | Attorneys for Defendant |

---

[1] *In compliance with Civil Local Rule 5-1(i)(3), the filer of this document attests under penalty of perjury that all signatories have concurred in the filing of this document.*

JOINT INITIAL CASE MANAGEMENT STATEMENT; ORDER
4:23-cv-06241-LJC                                6

ORDER

The above STIPULATION is approved as the CASE MANAGEMENT ORDER and all parties shall comply with its provisions.

Furthermore, the parties' STIPULATED REQUEST TO CONTINUE THE CASE MANAGEMENT CONFERENCE is approved for this case and all parties shall comply with its provisions as follows: the Initial Case Management Conference, currently set for March 5, 2024, is hereby continued to August 15, 2024, at 10:30 a.m., and the due date for an Updated Joint Case Management Statement is set to August 8, 2024.

IT IS SO ORDERED.

Dated: February 29, 2024

_____

Hon. Lisa J. Cisneros